**WILBUR J. REINE, Plaintiff/Counter-Defendant**

**v.**

**MAGAUI AFO FIAME, SIIGAVAA FALEALIʻI,
TINA ATOFAU, LOGOLEO FALEALIʻI, the AFO FAMILY,
and SOUTH PACIFIC EQUIPMENT AND REPAIR,**
**Defendants/Counter-Claimants**

High Court of American Samoa
Land and Titles Division

LT No. 50-92

November 12, 1992

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge,
MATAʻUTIA, Associate Judge.

Counsel:       For Plaintiff and Counter-Defendant Wilbur J. Reine,
Gata E. Gurr
For Defendants and Counter-Claimants Magaui Afo
Fiame, Siigavaa Falealiʻi, Tina Atofau, Logoleo
Falealiʻi, and the Afo Family, Charles V. Alaʻilima
For Defendant and Counter-Claimant South Pacific
Equipment and Repair, Roy J.D. Hall, Jr.

Amendment to Opinion and Order:

The court, on its own motion, has reconsidered the evidence and amends the Opinion and Order, issued and entered in this action on November 9, 1992, as follows:

1. The names of counsel Charles V. Alaʻilima's clients are amended to include Magaui Afo Fiame's full name.

2. The last three lines of the present last paragraph of the Findings of Fact are amended to read:

36

"any such damages, other than (1) $5,108.41 expended by SPEAR on repairs for property damage to the premises caused by Hurricane Ofa in 1990, (2) lost sub-sublessee income after April 18, 1992, and (3) travel expenses as a result of Reine's letter of August 29, 1991."

3. The following new paragraph is added to the end of the present Findings of Fact to read:

"With respect to the last item, Reine sent a letter, dated August 29, 1992, to the NAPA Distribution Center in Honolulu, Hawaii, in which he incorrectly stated that SPEAR was two years behind in payments of monies due to Reine in connection with the sublease. This letter necessitated a trip to Honolulu by SPEAR's owner, Robert Coulter ("Coulter"), to set the record straight with the Distribution Center. Although no evidence was presented on the exact costs of this trip, we have taken judicial notice of the reasonable costs of such a trip as facts generally known within the territorial jurisdiction of the court, under T.C.R.Ev. Rule 201(b)(1). In September, 1991, round-trip economy airfare between Pago Pago, American Samoa and Honolulu, when purchased seven or more days in advance, was $595. Since Coulter could have readily completed his business with the Distribution Center on this occasion in one day and returned to Pago Pago after a single overnight stay, his reasonable trip costs in Honolulu, including ground transportation, hotel accommodations, and food, would have been approximately $300. Thus, the total trip costs of approximately $895 were, as a result of Reine's letter, a legitimate business expense against SPEAR's 1991 revenues."

4. The following new paragraph 7. is added to the Conclusions of Law to read:

"7. Due to Reine's letter of August 29, 1991, SPEAR suffered damages in lost profits in 1991 in the reasonable amount of $895."

5. Present paragraph 7. of the Conclusions of Law is renumbered as paragraph 8. and is amended to read:

"8. Reine recovers judgment in the sum of $948.36 on his complaint for rent against SPEAR. In all other respects, his two complaints against SPEAR are dismissed. Reine's complaint against the Afo Family is also dismissed. SPEAR recovers judgment in the sum of $895 on its counterclaim against Reine. In all other respects, its

counterclaim against Reine is dismissed. The Afo Family's counterclaim against Reine is also dismissed."

It is so ordered.